UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:20-cv-61822-RS

RYAN TURIZO,
individually and on behalf of all
others similarly situated,   **CLASS ACTION**

    Plaintiff,   **JURY TRIAL DEMANDED**

v.

183 PALMETTO HOLDINGS, LLC d/b/a
SOLESTE BAY VILLAGE,

    Defendant.
_____/

# FIRST AMENDED CLASS ACTION COMPLAINT[1]

Plaintiff Ryan Turizo brings this class action against Defendant 183 Palmetto Holdings, LLC d/b/a Soleste Bay Village, and alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., ("TCPA").

2. Defendant owns, operates and manages the Soleste Bay Village luxury condominiums in Palmetto Bay, Florida.

3. As part of its consumer marketing strategy, Defendant engages in unlawful prerecorded telemarketing to consumers' telephones.

---

[1] Through this amendment, Plaintiff dismisses without prejudice Defendant KW Property Management, LLC, and names Defendant 183 Palmetto Holdings, LLC d/b/a Soleste Bay Village.

1

4. Upon information and belief, Defendant caused thousands of unsolicited prerecorded messages to be sent to the telephones of Plaintiff and class members, causing them injuries, including invasion of their privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

5. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct. Plaintiff also seeks statutory damages on behalf of himself and class members, as defined below, and any other available legal or equitable remedies resulting from the illegal actions of Defendant.

**JURISDICTION AND VENUE**

6. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States.

7. This Court has subject matter jurisdiction over this action pursuant to 47 U.S.C. § 227(b)(3).

8. Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's significant contacts with this State. In addition to maintaining its headquarters in Miami, Florida, Defendant initiated and directed, or caused to be initiated and directed by its agent(s), telemarketing and/or advertisement calls into Florida, using prerecorded messages and without the recipients' prior express written consent, in violation of the TCPA.

9. Specifically, Defendant initiated and directed, or caused to be initiated and directed by its agent(s), the transmission of unsolicited prerecorded messages to Plaintiff's cellular telephone numbers to sell products and services in Florida. Plaintiff's telephone number has area code that specifically coincide with locations in Florida, and Plaintiff received the message on his cellular telephone while residing in and physically present in Florida.

10. Plaintiff's claims for violation of the TCPA against Defendant, and the resulting injuries

caused to Plaintiff by Defendant's marketing calls, which includes the invasion of Plaintiffs' privacy, arose in substantial part from Defendants' direction of those messages into Florida.

11. Additionally, Defendant directs, markets, and provides substantial business activities throughout the State of Florida, and is headquartered in Miami, Florida.

12. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) because a substantial part of Defendant's actions and omissions, as well as Plaintiff's suffered injuries, which gave rise to the claims asserted in this action occurred, in part, in this District.

## PARTIES

13. Plaintiff is a natural person who, at all times relevant to this action, was and is a citizen and resident of Broward County, Florida.

14. Defendant is a foreign limited liability company with a principal address of 6201 SW 70th Street, Suite 200, South Miami, FL 33143.

## THE TCPA

15. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system or an artificial or prerecorded message; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

16. The TCPA exists to prevent communications like the ones described within this Complaint. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

17. In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

18. The Federal Communications Commission ("FCC") is empowered to issue rules and

regulations implementing the TCPA.  According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

19. In 2012, the FCC issued an order further restricting automated telemarketing calls, requiring "prior express written consent" for such calls to wireless numbers.  See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012) (emphasis supplied).

20. To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and conspicuous disclosure' of the consequences of providing the requested consent….and [the plaintiff] having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates."  In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

21. The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12).  In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication.  See Golan v. Veritas Entm't, LLC, 788 F.3d 814, 820 (8th Cir. 2015).

22. "Neither the TCPA nor its implementing regulations 'require an explicit mention of a good, product, or service' where the implication of an improper purpose is 'clear from the context.'" Id. (citing Chesbro v. Best Buy Stores, L.P., 705 F.3d 913, 918 (9th Cir. 2012)).

23. "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services." Golan, 788 F.3d at 820 (citing 47 C.F.R. § 64.1200(a)(2)(iii) & 47 C.F.R. § 64.1200(f)(12)); *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd at 14098 ¶ 141, 2003 WL 21517853, at *49).

24. The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003). This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call or in the future. *Id*.

25. In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA. See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014, ¶ 136 (2003).

26. If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulaions Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

27. With respect to standing, as recently held by the United States Court of Appeals for the Eleventh Circuit:

> [T]he receipt of an unsolicited phone call is an injury that the district court can remedy. And we know that Congress focused on precisely this kind of harm when it passed the TCPA, finding that "[m]any consumers [were] outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers." Pub. L. No. 102-243, § 2, 105 Stat. 2394, 2394. Congress identified telemarketing as a potentially "intrusive invasion of privacy," suggesting to us that Congress considered the receipt of an unwanted telemarketing call to be a real injury.

*Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1270 (11th Cir. 2019).

## FACTS

28. On or about February 19, 2020, Defendant placed two prerecorded message calls to Plaintiff's cellular telephone number.

29. The call originated from telephone number 786-789-0916, which is owned and/or operated by or on behalf of Defendant.

30. The purpose of the calls and the associated prerecorded messages was to solicit and advertise Defendant's Soleste Bay Village condominium.

31. Defendant's tortious conduct against Plaintiff occurred in part within this district and, on information and belief, Defendant sent the same prerecorded messages complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts have occurred within this district, subjecting Defendant to jurisdiction here.

32. At no point in time did Plaintiff provide Defendant with his express written consent to be contacted with marketing or promotional prerecorded messages on his cellular telephone.

33. Plaintiff is the sole user and/or subscriber of the cellular telephone number that received Defendant's prerecorded message.

34. Defendant's unsolicited prerecorded message caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's prerecorded message also inconvenienced Plaintiff and caused disruption to his daily life.

35. Indeed, Defendant's "unwanted telemarketing call made in violation of the provisions enumerated in the TCPA is a concrete injury that meets the minimum requirements of Article III standing." *See Cordoba v. DIRECTV*, LLC, 942 F.3d 1259 (11th Cir. 2019) (citing *Susinno v. Work Out World Inc.*, 862 F.3d 346, 351- 52 (3d Cir. 2017) (finding Article III standing where "Susinno

alleged that on July 28, 2015, she received an unsolicited call on her cell phone from a fitness company called Work Out World (WOW). Susinno did not answer the call, so WOW left a prerecorded promotional offer that lasted one minute on her voicemail.").

36. Plaintiff estimates that he wasted approximately 10 seconds listening to Defendant's unsolicited prerecorded messages.

37. Defendant's prerecorded message also took up space on Plaintiff's voicemail box. The cumulative effect of unsolicited prerecorded messages like Defendant's poses a real risk of ultimately rendering Plaintiff's voicemail box unusable. In fact, a typical cellular telephone like Plaintiff's is only capable of holding between 20 and 30 voicemails. Thus, if left unchecked, companies like Defendant would flood consumers' limited voicemail boxes.

## CLASS ALLEGATIONS

### PROPOSED CLASS

38. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

39. Plaintiff brings this case on behalf of the below defined Class:

> **All persons within the United States who, within the four years prior to the filing of this Complaint; were sent a pre-recorded or artificial voice call; from Defendant or anyone on Defendant's behalf; for the purpose of promoting Defendant's property, goods, and/or services.**

40. Defendant and their employees or agents are excluded from the Class.

41. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

42. Upon information and belief, Defendant has placed prerecorded calls to cellular

telephone numbers belonging to thousands of consumers throughout the United States without their prior express written consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

43.  The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

44.  There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

> (1) Whether Defendant made non-emergency calls to Plaintiff and Class members' cellular telephones using prerecorded messages;
>
> (2) Whether Defendant can meet their burden of showing that they obtained prior express written consent to make such calls;
>
> (3) Whether Defendant conduct was knowing and willful;
>
> (4) Whether Defendant are liable for damages, and the amount of such damages; and
>
> (5) Whether Defendant should be enjoined from such conduct in the future.

45.  The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits prerecorded messages to telephone numbers is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

46. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

47. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

48. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

49. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the Class)**

50. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

51. It is a violation of the TCPA to make any call using a prerecorded message without the express consent of the recipient. 47 U.S.C. § 227(b)(1)(A)(iii).

52. Defendant – or third parties directed by Defendant – used prerecorded messages to place marketing non-emergency telephone calls to the telephones of Plaintiff and the other members of the Class.

53. These calls were made without regard to whether Defendant had first obtained express written consent from the called party to make such calls. In fact, Defendant did not have prior express written consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made.

54. Defendant violated § 227(b)(1)(A)(iii) of the TCPA by using prerecorded messages to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their prior express written consent.

55. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ryan Turizo, on behalf of himself and the other members of the Class, prays for the following relief:

a. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b. A declaration that Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, were willful and knowing;

c. An injunction prohibiting Defendant from using prerecorded messages to call telephone numbers without the prior express written consent of the called party;

d. An award of actual, statutory damages, and/or trebled statutory damages; and

e. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendants and the calls as alleged herein.

Date: October 22, 2020

Respectfully submitted,

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713

**THE LAW OFFICES OF JIBRAEL S. HINDI**
Jibrael S. Hindi, Esq.
Florida Bar No. 118259
110 SE 6th Street
Suite 1744
Ft. Lauderdale, Florida 33301
Email: jibrael@jibraellaw.com
Telephone: 954-628-5793

*Counsel for Plaintiff and the Class*